IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL A. DURAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | A-25-CV-00526-ADA |
| | § | |
| MAURICE COOK, J. PEELER, and | § | |
| JAYLEN M. VENDRELL-WEST, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Daniel A. Duran's 42 U.S.C. § 1983 complaint, Response to the Court's order for a more definite statement, and Defendant Maurice Cook's Motion to Dismiss. (ECF Nos. 1, 9, 11, 15.) Plaintiff is proceeding pro se and in forma pauperis. Upon review of the pleadings, the Court grants Defendant Cook's motion to dismiss.

## Factual Background

Platiniff is currently detained at the El Paso County Jail Annex, although his complaint focuses on events occurring in Bastrop, Texas. In Plaintiff's pleadings, he names the following Defendants: Maurice Cook, Supervisor with the Bastrop County Sheriff's Office, and J. Peeler and Jaylen M. Vendrell-West, Bastrop City Police Officers. Plaintiff alleges that, on March 18, 2025, Defendants Peeler and Vendrell-West pulled him over because they claimed his license plate did not match his vehicle make and model. Plaintiff states Defendants lied to pull him over because his license plates did match his car. Plaintiff also alleges Defendants Peeler and Vendrell-West told him he had to pass a sobriety test, which Plaintiff did, and then told Plaintiff there was a warrant for his arrest.[1] He further alleges Officers Peeler and Vendrell-West threatened to use a nightstick

---

[1] Platiniff states this was a bench warrant out of El Paso, Texas, for failure to appear in an aggravated assault case.

to break open his windows if Plaintiff did not step out of the car. Once he exited the vehicle, Plaintiff alleges these Defendants illegally searched it. He states no items were found on himself or in his vehicle, but after he was taken to the Bastrop County Jail, he was charged with possession of a controlled substance and driving while intoxicated. Plaintiff alleges Defendant Cook allowed Officers Peeler and Vendrell-Smith to perform an illegal search and seizure of his vehicle. He raises the following claims against all three defendants: (1) malicious prosecution; (2) deprivation of liberty without due process of law; (3) civil rights conspiracy; and (4) failure to intervene. He seeks $1.5 million in punitive damages.[2]

Defendant Cook moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim against him in either his official capacity, because municipal liability cannot be premised on a theory of supervisory liability or in his individual capacity, because Plaintiff fails to allege Defendant Cook was personally involved in any of the alleged constitutional violations. To date, Plaintiff has not responded to Defendant Cook's motion.

### Discussion & Analysis

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

---

Public records show that, on September 11, 2025, Plaintiff plead guilty to one charge aggravated assault with a deadly weapon in El Paso County, Texas, and was sentenced to four years in the Texas Department of Criminal Justice.

[2] Plaintiff originally also requested to have the charges against him dropped and to be released from jail. However, after the Court informed Plaintiff these were improper requests in a civil rights action, he stated he would withdraw them. (ECF No. 11 at 7.)

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.

In deciding a motion to dismiss under Rule 12(b)(6), a court will accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679. Further, a plaintiff's factual allegations must establish more than just the "sheer possibility" a defendant has acted unlawfully. *Id*. Determining a complaint's plausibility is a "context-specific task," but if the factual allegations "do not permit the court to infer more than the mere possibility of misconduct" the complaint has failed to meet the pleading standard under Rule 8(a)(2). *Id*. at 678.

Plaintiff alleges Defendant Cook "allowed" Officers Peeler and Vendrell-West to violate his constitutional rights by illegally stopping and searching his car. To the extent Plaintiff seeks monetary damages against Defendant Cook in his official capacity, these claims are governed by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Under *Monell*, cities and counties may be held liable for monetary damages under section 1983 if the plaintiff establishes three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694).

In his official capacity, Defendant Cook could only be a policymaker for Bastrop County. However, Defendants Peeler and Vendrell-West are police officers with the City of Bastrop, which is a separate governmental entity from Bastrop County. Even if, for the sake of argument, Defendant Cook did have a policy encouraging law enforcement officers to pull over drivers under false pretenses, such a policy would hold no sway over Defendants Peeler and Vendrell-West, who

essentially work for a different government than Defendant Cook. Accordingly, Plaintiff cannot establish liability against Defendant Cook in his official capacity.

To establish a claim against Cook in his individual capacity, Plaintiff must show Cook was personally involved in the alleged violations of his constitutional rights. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). At no point does Plaintiff allege that Cook himself was personally involved in pulling him over, searching his car, and arresting him. At most, Plaintiff alleges Cook's "actions and inactions . . . allowed" Officers Peeler and Vendrell-West to arrest Plaintiff in violation of his constitutional rights. This does not establish personal involvement, and thus Plaintiff also fails to state a claim against Cook in his individual capacity.

It is therefore **ORDERED** that Defendant Cook's Motion to Dismiss (ECF No. 15) is **GRANTED**. Plaintiff's claims against Defendant Cook are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

SIGNED this 30th day of October, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE